14-1682-pr
*Saxon v. Lempke*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KEVIN SAXON,

        *Petitioner-Appellant,*

      v.           14-1682-pr

JOHN B. LEMPKE,

        *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:  SALLY WASSERMAN, Law Office of Sally Wasserman, New York, New York.

FOR RESPONDENT-APPELLEE:     KAREN SCHLOSSBERG, Alan B. Gadlin, Assistant District Attorneys, *for* Cyrus R. Vance, Jr., New York County District Attorney, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *J.*, and Fox, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Kevin Saxon appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Saxon contends that his due process rights were violated at sentencing because the judge was influenced by the prosecutor's inaccurate assertions that this was Saxon's third murder conviction, when it was his first.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.[1]

We review *de novo* the denial of a petition for a writ of habeas corpus. *Grayton v. Ercole*, 691 F.3d 165, 169 (2d Cir. 2012).  We have conducted an independent review of the record, and we affirm for substantially the reasons set forth by the district court in its Memorandum Opinion and Order filed March 21, 2014, adopting a May 23, 2011 Report and Recommendation of the magistrate judge.

---

[1]     The certificate of appealability was granted solely on the question of "whether the sentencing court's alleged reliance on the State's alleged misstatement of Appellant's criminal record violated due process."  Docket No. 39.  The other questions addressed by the district court are not properly before us on review, and those portions of the appeal were dismissed.

Saxon was convicted, on a plea of guilty in the Supreme Court of New York, New York County, of eleven counts, including second degree murder. After breaching a cooperation agreement with the New York County District Attorney's Office, he was sentenced to a term of imprisonment of 109 years to life.

At the sentencing, both the Assistant District Attorney and the judge made reference to the death in the instant case as Saxon's third "murder." App. at 35-44, 52-56. In fact, though Saxon was charged in connection with two prior deaths, he had pled guilty in the two prior cases to second degree criminal possession of a weapon and first degree manslaughter -- he had no prior convictions for murder.

On appeal, Saxon argues that because the sentencing judge relied on these purported misstatements of his criminal record, his habeas petition must be granted under *Townsend v. Burke*, 334 U.S. 736 (1948), a case where the trial judge mistakenly relied at sentencing on an uncounseled defendant's three prior felony convictions, which in fact had been dismissed or adjudicated as not guilty. Because the assumptions about Townsend's criminal record were "materially untrue," the Supreme Court held that "[s]uch a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand." *Id.* at 741; *see also Roberts v. United States*, 445 U.S. 552, 563 (1980) (Brennan, *J.*, concurring) ("As a matter of due process, an offender may not be sentenced on the basis of mistaken facts or unfounded assumptions."); *United States v. Tucker*, 404 U.S. 443, 447 (1972) ("The record in the

present case makes evident that the sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him. Yet it is now clear that two of those convictions were wholly unconstitutional . . . ." (footnote omitted)).

We disagree. This case is not *Townsend*, and the sentencing judge was not misled in any way. Saxon was represented by counsel. At his sentencing he admitted to the convictions in the information that charged him with being a predicate violent felon, and he was adjudicated a violent felony offender. And although the prosecutor's pre-sentencing memorandum did refer to the two prior deaths as murders, the submission's criminal history section accurately outlined the prior convictions and the clerk of court correctly announced the criminal record at the commencement of sentencing.

Finally, there is nothing in the record to suggest that the judge thought the two prior deaths resulted in murder convictions, or that she relied on any misstatements in her sentencing decision. To the contrary, the sentencing court explained that it had "examined [Saxon's] record carefully," and that it had "read the case file, the pre-sentence record," and "all the documents." App. at 53. The sentence here was not "founded . . . upon misinformation of constitutional magnitude"; rather, it was "imposed in the informed discretion of a trial judge." *Tucker*, 404 U.S. at 447.

- 4 -

For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk